**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRESCENT BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | )   C.A. No. |
| v. | ) |
| | )   **JURY TRIAL DEMANDED** |
| CRESCENT FINANCIAL INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Through its undersigned counsel, plaintiff Crescent Bank states the following Complaint against defendant Crescent Financial Inc. ("Crescent Financial"):

## NATURE OF THE CASE

1.      This is an action for trademark infringement and false designation of origin under the federal Lanham Act, codified at 15 U.S.C. § 1051, *et seq.*, arising from Crescent Financial's willful and continuing misappropriation of Crescent Bank's federally registered CRESCENT word and logo marks.

2.      Crescent Bank is headquartered in New Orleans and has online banking customers in 49 states and the District of Columbia—every state but Alaska.  Crescent Bank offers traditional banking services, including checking and high-yield savings accounts, through its branch network and online banking platform.

3.      Crescent Financial is not a bank but describes itself as "a financial technology company" with "an online business banking platform built for business capital."  Crescent Financial solicits customers for high-yield checking accounts and related banking services through its GetCrescent.com and CrescentCares.com websites, both of which prominently feature Crescent Bank's registered CRESCENT word mark and a confusingly similar variation of its registered logo

mark.  Crescent Financial then refers those customers to one of Crescent Bank's competitors in exchange for a referral fee.

4. Crescent Bank notified Crescent Financial of its trademark rights more than a year ago.  Despite agreeing to rebrand and numerous follow-ups by Crescent Bank over the past year, Crescent Financial unabashedly continues to misappropriate Crescent Bank's marks, necessitating this action for injunctive and monetary relief.

## THE PARTIES

5. Plaintiff Crescent Bank is a state chartered bank organized under the laws of the State of Louisiana.  Crescent Bank has its principal place of business at 2121 Airline Drive in Metairie, Louisiana.

6. Defendant Crescent Financial Inc. ("Crescent Financial") is a corporation organized under the laws of the State of Delaware.  Upon information and belief, Crescent Financial maintains an office at 220 South 17th Street, Suite 200, in Lincoln, Nebraska.  Crescent Financial may be served effectively in Delaware through its registered agent, The Corporation Trust Company, located at 1209 Orange Street in Wilmington, Delaware.

## JURISDICTION & VENUE

7. This action arises under Sections 32 and 43(a) of the Lanham Act, which are codified at 15 U.S.C. §§ 1114 and 1125(a), respectively.

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has general personal jurisdiction over Crescent Financial because it is incorporated in Delaware and, therefore, "at home" in Delaware.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Crescent Financial is subject to this Court's personal jurisdiction with respect to this civil action.

**CRESCENT BANK & ITS REGISTERED MARKS**

11.    Crescent Bank is a state chartered bank and FDIC-insured depository institution headquartered in the greater "Crescent City" region around New Orleans, Louisiana.

12.    Crescent Bank has been providing personal and business banking services, including auto loans and traditional in-person banking, through its network of branches in the greater New Orleans area since 1991.

13.    Crescent Bank has had an online presence since 2001 and now offers banking services to customers nationwide through its mobile app and CrescentBank.com website ("Crescent Bank Website").  Crescent Bank currently has online banking customers in 49 states and the District of Columbia—every state but Alaska.

14.    Crescent Bank offers a wide range of traditional personal and business banking services, including business checking accounts and high-yield savings accounts.  Crescent Bank also offers online certificates of deposit ("CDs") to customers nationwide through the Crescent Bank Website.

15.    In 1996, the U.S. Patent & Trademark Office ("USPTO") granted Crescent Bank a federal trademark registration and the nationwide exclusive right to use the CRESCENT word mark for banking services.  Crescent Bank's logo is also federally registered.  *See* Exhibit A (federal trademark registration certificates) (together, the "Registered Crescent Bank Marks").

16.    Crescent Bank owns the Registered Crescent Bank Marks and has the sole and exclusive right to use, license, and enforce them.

17.    Since its founding more than three decades ago, Crescent Bank has grown to service tens of thousands of accounts with approximately $900 million on deposit.  Over the last five years alone, Crescent Bank has financed about $1.8 billion in automobile loans.  Crescent Bank employs more than 250 people.

**CRESCENT FINANCIAL'S INFRINGING WEBSITES**

18.    Crescent Financial is not a bank or FDIC-insured depository institution.

19.    Crescent Financial purports to be "a financial technology company" that offers "an online business banking platform built for business capital" through its GetCrescent.com website and "a *complete banking* and cash command center for nonprofits" through its CrescentCares.com website (together, the "Infringing Websites").  *See* Exhibits B and C (website screenshots) (emphasis original).

20.    The Infringing Websites prominently feature the CRESCENT word mark in their domain names, titles, upper-left corners, and text.  *See, e.g.*, Exhibit B at 2 (reproduced in-part immediately below).



21.    The Infringing Websites also prominently feature a logo mark confusingly similar to Crescent Bank's logo mark.  Both consist of a generally circular, crescent-like shape with a hollow center on the left, immediately adjacent to the CRESCENT word mark.

22.    The Infringing Websites market "Crescent Cash" high-yield checking accounts and related banking services nationwide.

23.     The Infringing Websites invite prospective "Crescent Cash" customers to "get started" and "create an account" or "book a demo" online.

24.     Banking services for "Crescent Cash" accounts are provided by Grasshopper Bank, N.A. ("Grasshopper Bank"), which describes itself as "client-first digital bank serving small businesses, startups, and the investors supporting them across the innovation economy." *See* Who We Are, Grasshopper, https://www.grasshopper.bank/who-we-are/ (last visited Aug. 4, 2026).

25.     Upon information and belief, Grasshopper Bank pays a referral fee or other commission to Crescent Financial for banking customers and deposits acquired through the Infringing Websites.

26.     Crescent Financial's "Crescent Cash" accounts are offered to customers nationwide through the Infringing Websites and directly compete with Crescent Bank's high-yield savings accounts and CDs.

27.     Crescent Financial's use of the Registered Crescent Bank Marks began without the knowledge or approval of Crescent Bank.

28.     Crescent Financial does not have and never has had a license to use the Registered Crescent Bank Marks for any purpose.

**CRESCENT FINANCIAL'S WILLFUL, CONTINUING INFRINGEMENT**

29.     Crescent Bank sent a letter to Crescent Financial on May 2, 2025, informing Crescent Financial of the Registered Crescent Bank Marks, attaching the federal registration certificates and screenshots of the offending GetCrescent.com website, and demanding that Crescent Financial "discontinue all uses" of the Registered Crescent Bank Marks. Crescent Financial's counsel confirmed receipt of the letter on May 14, 2025.

30.     Crescent Financial has had actual knowledge of the Registered Crescent Bank Marks since at least May 14, 2025.

31.     Crescent Financial committed to stop using the Registered Crescent Bank Marks, rebrand, and change its name in a written communication through counsel on May 16, 2025.

32.     Despite numerous follow-ups by Crescent Bank over the past year, Crescent Financial continues to misappropriate the Registered Crescent Bank Marks to solicit customers for Grasshopper Bank through the Infringing Websites, necessitating this action.

## COUNT ONE – TRADEMARK INFRINGEMENT
### Section 32 of the Lanham Act
### 15 U.S.C. § 1114

33.     Crescent Bank incorporates by reference the allegations stated in Paragraphs 1 through 32 above as though fully stated here.

34.     Crescent Financial's unauthorized use and display of the Registered Crescent Bank Marks is likely to cause confusion and the mistaken belief among the consuming public, particularly among prospective banking customers, that Crescent Bank sponsors, endorses, approves of, or is otherwise affiliated with Crescent Financial or the Infringing Websites.

35.     Crescent Financial's infringement of the Registered Crescent Bank Marks has caused and will continue to cause damage to Crescent Bank in an amount to be determined at trial and irreparable harm to Crescent Bank for which there is no adequate remedy at law.

## COUNT TWO – FALSE DESIGNATION OF ORIGIN
### Section 43(a) of the Lanham Act
### 15 U.S.C. § 1125(a)

36.     Crescent Bank incorporates by reference the allegations stated in Paragraphs 1 through 35 above as though fully stated here.

37.     Crescent Financial's unauthorized use and display of the Registered Crescent Bank Marks on the Infringing Websites constitutes a false designation of origin under Section 43(a) of the Lanham Act because it falsely suggests that Crescent Bank sponsors, endorses, approves of, or is otherwise affiliated with Crescent Financial or the Infringing Websites.

38. Crescent Financial's false designation of origin has caused and will continue to cause damage to Crescent Bank in an amount to be determined at trial and irreparable harm to Crescent Bank for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Crescent Bank demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

Crescent Bank respectfully requests the following relief:

A. Judgment that:

(i) Crescent Financial knowingly and willfully infringed the Registered Crescent Bank Marks in violation of Section 32 of the Lanham Act; and

(ii) Crescent Financial knowingly and willfully engaged in false designation of origin in violation of Section 43(a) of the Lanham Act.

B. Preliminary and permanent injunctions enjoining Crescent Financial and its successors, assigns, officers, partners, agents, contractors, employees, attorneys, affiliates, licensees, subsidiaries, and all others controlled by or acting in concert with them from:

(i) Using the Registered Crescent Bank Marks or any confusingly similar variations thereof for any commercial purpose;

(ii) Diluting, infringing, or tarnishing the Registered Crescent Bank Marks or any confusingly similar variations thereof;

(iii) Disparaging Crescent Bank; and

(iv) Assisting, aiding, or abetting any other person or entity in performing any of the above acts.

C. For an award of monetary damages, to the full extent permitted by Section 35 of the Lanham Act, codified at 15 U.S.C. § 1117, including:

(i) Three times Crescent Financial's profits during the entire period that it infringed the Registered Crescent Bank Marks;

(ii) Crescent Bank's actual damages; and

(iii) Crescent Bank's costs and attorneys' fees in this action.

D. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John Gary Maynard
Matthew J. Ricciardi
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 955-1500

Dated: August 11, 2026
13084529 / 25439.00001

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A Palapura (#5370)
Peter T. Sabini (#7655)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff Crescent Bank*

8